**WO**                                                                                                                                     KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven T. Bernal, | No.    CV-25-01631-PHX-MTL (CDB) |
|                 Plaintiff, | |
| v. | **ORDER** |
| NaphCare, et al., | |
|                 Defendants. | |

       Plaintiff Steven T. Bernal is confined in the Arizona State Prison Complex (ASPC)-Yuma. After filing a Complaint in the Superior Court of Yuma County, Arizona, he filed an April 15, 2025 First Amended Complaint against NaphCare, Marcella Meza, Jaci Brown, Diana Curd, Carli Myers, Jennifer Wanders, Brin Sidi, and Centurion of Arizona. On May 13, 2025, Defendants Sidi, Meza, and Myers ("the Removing Defendants") filed a Notice of Removal, removing the case to this Court. In a July 1, 2025 Order, the Court found the Removing Defendants had timely and properly removed this case and dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

       On July 2, 2025, Plaintiff filed a Second Amended Complaint. In an August 26, 2025 Order, the Court dismissed the Second Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in the Order.

On September 3, 2025, Plaintiff filed a Third Amended Complaint (Doc. 7). The Court will dismiss the Third Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## II.   Third Amended Complaint

In his one-count Third Amended Complaint, Plaintiff raises an Eighth Amendment medical care claim. He names as Defendants Centurion of Arizona ("Centurion"), NaphCare, ASPC-Yuma Director of Nursing Carli Myers, Former Directors of Nursing Jennifer Wanders and Jaci Brown, Assistant Director of Nursing Marcela Meza, Facility Health Administrator Brin Sidi, and medical provider Diana Curd. He seeks monetary and injunctive relief.

Plaintiff is 53 years old, is obese and subject to heart attack, and has high blood pressure, high cholesterol, type II diabetes, bad knees, a bad hip, and a family history of sleep apnea. He alleges Defendants Meza and Curd have "intentionally" "refused to treat" him, though he has "submitted repeated requests." He claims "the way [Defendants] Meza and Curd respond to inmates['] request for medical treatment is by delaying and denying medical treatment," resulting in "permanent injury and death." Plaintiff alleges that when he "and others" "informed" Defendant Brown, she "refused to order treatment as a consequence for not treating by delaying [and] denying inmates."

Plaintiff claims he asked for Ozempic, which is "used to treat sleep apnea, type II diabetes, and obesity," and states that for the last four years, he has "asked numerous times for a CPAP machine" for his sleep apnea, but "they refused to give" these to him.

According to Plaintiff, "instead of treating [him]," Defendants Meza, Brown, Curd, Myers, Wanders, and Sidi, "acting pursuant to [NaphCare[']s] and Centurion's] policies [of] delay[ing] and deny[ing] inmates treatment for their serious medical needs," have "covered up for" Defendants Meza and Curd. He states that "they" have disregarded inmate complaints and grievances regarding Defendants Meza's and Curd's alleged denial

of treatment for the serious medical needs of "inmates like [him]." He also claims "they" have been "falsifying and/or destroying . . . medical records, with the help of other nurses and staff." Plaintiff states that when he and other inmates "brought this to the attention of [Defendant] Brown," she "refused to act and order treatment," even though "she has the duty and authority to act." He also alleges Defendants Wander, Myers and Sidi "did exactly what [Defendant] Brown has done and refused to order treatment" while "rubber stamp[ing Defendants] Curd, Meza, and Brown."

Plaintiff claims "they" acted with deliberate indifference to his serious medical needs, "in violation of the mandatory federal permanent injunction." Further, allegedly, "they" subsequently "submitted false reports of compliance."

As his injury, Plaintiff states that "because of this policy[,] custom[,] and tra[di]tion," he experiences loud snoring, has difficulty staying asleep, and stops breathing and gasps for air during sleep. He also claims he has dry mouth upon awakening, morning headaches, "excessive daytime sleep[i]ness," difficulty concentrating and staying awake, fatigue, and irritability. He additionally states that the lack of treatment for his sleep apnea has caused him high cholesterol, high blood pressure, and type II diabetes.

### III. Failure to State a Claim

#### A. Defendants NaphCare and Centurion

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical or dental care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable simply because it employed individuals who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139.

Plaintiff claims Defendants NaphCare and Centurion each have a policy "[of] delay[ing] and deny[ing] inmates treatment for their serious medical needs." Plaintiff does

not sufficiently describe this policy or how it violated his constitutional rights. In support of his claim, Plaintiff includes with the Third Amended Complaint a list of cases that, according to Plaintiff, are either "awaiting trial," "awaiting status conference," have "settled," or are "pending summary judgment." (Doc. 7 at 4–10). He states these cases "sufficiently show[] that [Defendants] NaphCare [and] Centurion have the policy/practice/custom of delaying treatment for th[ei]r serious medical needs." (*Id.* at 10.) However, Plaintiff does not identify when these actions were filed, what types of claims were asserted, the filing in each case to which he is directing the Court's attention, or the nature of Centurion's or NaphCare's involvement in each case. Absent more information about the content and timing of these allegedly related claims, Plaintiff cannot rely on them to support his claim that his constitutional rights were violated as a result of a policy, decision, or custom endorsed by NaphCare or Centurion.

Accordingly, the Court finds Plaintiff has failed to state a claim against Defendants NaphCare and Centurion, and the Court will dismiss them.

**B.     Remaining Defendants**

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the

indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff's allegations against Defendants Meza, Curd, Brown, Wanders, Myers, and Sidi are too vague and conclusory to state a claim. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Id.* Plaintiff fails to allege sufficient facts to show what each individual Defendant did, or failed to do, that constituted deliberate indifference or otherwise violated his constitutional rights. His frequent use of the word, "they," and concurrent references to multiple Defendants make it unclear what facts are attributable to whom in his allegations. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because

the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." )

Further, Plaintiff alleges no sufficiently specific facts to support a conclusion that any Defendant was aware of and disregarded a substantial risk of serious harm to Plaintiff. For example, he fails to identify specific instances of when and how he asked each individual Defendant for any medical treatment for his sleep apnea or other conditions, the information he provided when making his requests, or the reasons, if any, that each individual Defendant gave for his or her refusal. Similarly, though Plaintiff claims he "informed Defendant Brown," he failed to allege what specific information he told her, when and how he informed her, or any reasons she gave for her alleged refusal "to act and order treatment."

Accordingly, Plaintiff fails to state a claim against Defendants Meza, Curd, Brown, Wanders, Myers, and Sidi, and the Court will dismiss them and this action.

**IV.   Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Third Amended Complaint, the Court will dismiss his Third Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Third Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Third Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 16th day of October, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge